IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CHANDRA GRIESSEL,                )
                                 )
              Plaintiff,         )
                                 )
       v.                        )    1:07CV722
                                 )
THOMAS JOSEPH MOBLEY,            )
                                 )
              Defendant.         )
```

### RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Plaintiff filed an action in the Forsyth County District Court. That complaint stated that the Plaintiff and Defendant Mobley were formerly husband and wife and share one child. They have now separated, having executed a Child Custody, Child Support and Property Settlement Agreement. A Mississippi state court has apparently entered an order in regard to child custody and support.

The first claim for relief seeks a change in the custody arrangement and court ordered child support. The second claim seeks to register the Mississippi state court custody and child support judgment in North Carolina. The third claim for relief alleges that Plaintiff breached the Child Support, Child Custody and Property Settlement Agreement by not paying as required under that agreement. The fourth claim alleges malicious prosecution by asserting that Defendant instituted a frivolous Department of Social Services' investigation and criminal proceedings against Plaintiff on grounds of child abuse, and, therefore, Plaintiff seeks general and punitive damages.

Pursuant to 28 U.S.C. § 1441(a)[1], Defendant, who is a citizen of the State of Mississippi, removed this action to this Court based on two grounds.  First, Defendant states that diversity of citizenship jurisdiction exists pursuant to 28 U.S.C. § 1332.  Such a claim would be within this Court's original jurisdiction and could be removed from state court.  With respect to the amount in controversy, Defendant must show it exceeds the jurisdictional threshold of $75,000.00 for each claim.  As for this, Defendant only mentions claim four by stating that because punitive damages are requested, the amount could possibly exceed $75,000.00.  He fails to mention claims one and two at all.

The second ground for removal is based on 28 U.S.C. § 1452(a). Here, Defendant states that he has a bankruptcy which has been pending since May 9, 2007 in the United States Bankruptcy Court for the Southern District of Mississippi.  Plaintiff alleges that this Court has jurisdiction over this action because of the bankruptcy proceeding in the federal court in Mississippi.

## Discussion

Plaintiff contends the removal from state court was improper and has filed a motion to remand this entire matter to state court. In determining whether the removal was proper, the Court must find

---

[1]Section 1441(a) provides in part,

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

the basis for the federal jurisdiction to exist on the face of the complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986). Second, the party seeking removal has the burden of demonstrating the existence of federal jurisdiction when faced with a motion to remand. Mulcahey v. Columbia Organic Chemicals Co, Inc., 29 F.3d 148, 151 (4th Cir. 1994)(citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921)). Finally, issues of removal jurisdiction are strictly construed so that if jurisdiction is doubtful, remand is appropriate. Id.

When faced with a motion to remand a case based on diversity of citizenship jurisdiction, the law is that,

> [t]he party seeking to invoke the jurisdiction of the federal courts has the burden of proving its existence by showing that it does not appear to a legal certainty that its claim is for less than the jurisdictional amount.

> 14A Charles Alan Wright, et al., Federal Practice and Procedure § 3702, at 19 (2d ed. 1985). Accordingly, in a removal case, the defendant, rather than the plaintiff, has the burden of proving that the jurisdictional requirements for removal are met.[2] Griffin v. Holmes, 843 F. Supp. 81 (E.D.N.C. 1993)(citing Kirchner Gafford v. General Electric Co., 997 F.2d 150, 155 (6th Cir. 1993)). For a removal, this means defendant must prove to a "legal certainty" that plaintiffs' claim exceeds $75,000. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938);

---

[2]There is some uncertainty among courts as to the standard of proof that a defendant must satisfy in order to demonstrate jurisdiction in a removal case where a plaintiff seeks remand. Some have required defendants to demonstrate jurisdiction "to a legal certainty," while others require that jurisdiction be shown only by a preponderance of the evidence. Some decisions in this district have applied the preponderance standard. Dash v. FirstPlus Home Loan Owner Trust 1996-2, 248 F. Supp. 2d 489 (M.D.N.C. 2003) (discussing difference between courts and applying preponderance standard); Candor Hosiery Mills, Inc. v. International Networking Group, Inc., 35 F. Supp. 2d 476 (M.D.N.C. 1998)(same). These distinctions are not important to the present case.

-3-

>   Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.
>   1994). However, a plaintiff's right to select the forum
>   for its claim is stronger tha[n] a defendant's right to
>   remove. Therefore, any doubts about removal must be
>   resolved in favor of remand. Griffin, 843 F. Supp. at 84;
>   Burns, 31 F.3d at 1095.

Hoffman v. Vulcan Materials Co., 19 F. Supp.2d 475, 477-478 (M.D.N.C. 1998)(footnote added).

Defendant, while perhaps not being disingenuous, has not been entirely forthcoming either. He has a burden of showing subject matter exists but, as stated previously, completely ignores claims one and two of Plaintiff's complaint and offers no advice as to what the Court should do with them. (That matter will be discussed shortly.) However, with respect to claim three, he fails to show that the jurisdictional limit of $75,000.00 is involved in this lawsuit, as he is required to do. In her motion to remand, Plaintiff shows that the contract requires the minimum support payment of $280.00 per month or a maximum of 14% of Defendant's income. This agreement was entered into in November 2006, so that under the minimum payment provision, less than $75,000.00 is owed. Defendant has the burden of showing that he then had income in an amount great enough so that 14% of his income would exceed $75,000.00. In his response, Defendant fails to even address this issue. Therefore, he fails to show this Court has original jurisdiction over claim three of the complaint.

With respect to claim four, Defendant simply alleges that if both general and punitive damages are accounted for with respect to the malicious prosecution claim, the amount could exceed $75,000.00

-4-

and Plaintiff does not dispute this contention. This would be sufficient to support removal of this claim. However, that does not end the matter. This is because, as will be discussed next, this Court has no jurisdiction whatsoever to entertain claims one and two. That is, as will be shown shortly, these claims do not fall within either this Court's original or supplemental (28 U.S.C. § 1367) jurisdiction. Neither party really addresses what the Court is to do in such a situation.

Claims one and two involve child custody and support claims, along with the registration of a prior child custody and support judgment for the purposes of modifying that judgment and calculating arrearage. This type of claim falls within what has been deemed the domestic relations exception to federal court jurisdiction. The idea behind this exception is that the subject of domestic relations involving a husband and wife, and a parent and child, are more suitable to resolution by state courts, which often have the expertise in the form of special courts and also administrative support. The United States Supreme Court last considered the exception in <u>Ankenbrandt v. Richards</u>, 504 U.S. 689 (1992). In that case, the Supreme Court considered the history of this exception and its present meaning for federal courts. The exception stems from the prior Supreme Court decision of <u>Barber v. Barber</u>, 21 How. 582, 584 (1858), where the Supreme Court announced that federal courts did not have jurisdiction over suits for divorce or the allowance of alimony when a wife sought to enforce a state court divorce and alimony decree in federal court. In

Ankenbrandt, the Supreme Court determined that Article III of the United States Constitution did not, by itself, "mandate the exclusion of domestic relation cases from federal court jurisdiction." 504 U.S. at 697. Rather, in finding a domestic relations exception to federal jurisdiction, the Supreme Court stated:

> We thus are content to rest our conclusion that a domestic relations exception exists as a matter of statutory construction not on the accuracy of the historical justifications on which it was seemingly based, but rather on Congress' apparent acceptance of this construction of the diversity jurisdiction provisions in the years prior to 1948, when the statute limited jurisdiction to "suits of a civil nature at common law or in equity."

Id. at 700.

The Supreme Court further noted that in Barber itself, the Court recognized the power of federal courts to settle some domestic relations related matters, such as the satisfaction of a money judgment, which may have arisen because of marital or family relations, but cautioned that,

> [t]he interference, however, is limited to cases in which alimony has been decreed; then only to the extent of what is due, and always to cases in which no appeal is pending from the decree for the divorce or for alimony.

Ankenbrandt, 504 U.S. at 701 (quoting Barber, 21 How. at 591). The Ankenbrandt Court further noted that it had previously expanded the domestic relations exception to include decrees in child custody cases, in addition to divorce and alimony. By inference, the Supreme Court also brought within the domestic relations exception the related matter of child support by speaking approvingly of

-6-

lower court decisions which so hold. <u>Ankenbrandt</u>, 504 U.S. at 704 n.6.

The importance of the <u>Ankenbrandt</u> case for purposes of this action is that a federal court lacks jurisdiction to consider matters which fall within the domestic relations exception. <u>Ankenbrandt</u>, 504 U.S. at 703. Plaintiff raises the domestic relations exception to this Court's jurisdiction, but Defendant totally ignores that argument. Nevertheless, it is clear beyond peradventure that claims one and two clearly fall within the domestic relations exception to federal court jurisdiction and this Court may not entertain such claims. Defendant, however, fails to offer any suggestion as to what should happen to claims one and two. That is, should those claims be remanded, but the others retained? Plaintiff, on the other hand, avoids the issue by arguing that claims three and four also fall within the domestic relations exception and, therefore, the entire case should be remanded back to state court. The Court will discuss this next, but the issue is not nearly as certain as Plaintiff argues.

The <u>Ankenbrandt</u> decision itself involved a situation where a mother brought a tort action against her former husband and his companion alleging that they physically and sexually abused the children. That case was originally brought in federal court based on diversity of citizenship grounds. The parties had evidently been divorced for some time and were not the subject of ongoing

custody litigation.[3] The Supreme Court found that the lawsuit filed sounded in tort and had nothing to do with child custody decrees. It saw no reason to apply the domestic relations exception to the case, and particularly noted that the exception had no application to the companion of the father, who was also a defendant.

Plaintiff argues that the breach of contract claim falls within the domestic relations exception because the agreement involved an obligation to pay child support. However, this claim is only for the recovery of a sum certain based on breach of contract. As the quotation from Barber set out above reveals, even the Barber Court had no problem with a federal court enforcing a judgment for past due amounts so long as there was no appeal pending. In the instant case, it appears Plaintiff only wants to collect past due amounts in claim three. Even though this claim does not fall within the domestic relations exception, it does not benefit Defendant. That is because, as mentioned earlier, it is clear that this Court does not have diversity of citizenship jurisdiction as to claim three, in any event, inasmuch as Defendant has not shown the claim meets the $75,000.00 jurisdictional amount. Therefore, that claim does not support removal in spite of not falling within the domestic relations exception.

---

[3]Plaintiff Ankenbrandt represented that one month prior to filing the federal action, the state court had terminated all of the father's parental rights and enjoined him from having any contact. The lowers courts and the Supreme Court did not look beyond those factual allegations. Ankenbrandt v. Richards, 504 U.S. 689, 692 n.1 (1992)

Plaintiff's argument that claim four falls within the domestic relations exception to federal jurisdiction is more problematic. This claim involves past events, does not involve a determination of custody, and sounds in tort. See Ankenbrandt, supra. Moreover, Plaintiff recognizes that in Cole v. Cole, 633 F.2d 1083 (4th Cir. 1980), the Fourth Circuit held that when a former husband brought malicious prosecution, abuse of process, and other charges against a former wife, the domestic relations exception did not bar those claims. Plaintiff attempts to argue that the instant case is different because it would require a court "to investigate whether Plaintiff's treatment of the child was appropriate, which is tantamount to a determination of parental fitness." (Pl.'s Br. at 6.) The Court would disagree. The issue in a malicious prosecution case is only whether proceedings were initiated with malice and without probable cause. See Vodrey v. Golden, 864 F.2d 28 (4th Cir. 1988). The Court will not determine parental fitness for purposes of custody and visitation. However, that does not end the matter.

In the instant case, there is an ongoing controversy relating to child custody and visitation. That is the basis of the lawsuit filed in Forsyth County District Court and, in particular, with respect to claims one and two. In Cole, one of the factors used in determining whether the tort fell outside the domestic relations exception was whether the claim could have arisen between people with no marital relationship. Cole, 633 F.2d at 1089. And, of course, the answer was in the affirmative as it is when the

question is asked in this case. That test, however, may not be sufficient for a situation like the present one where there is an ongoing controversy concerning child custody and the malicious prosecution claim arises out of the parties' ongoing activities in relation to the matter of child custody and visitation.

In <u>Rahnema v. Mir-Djalali</u>, 742 F. Supp. 927 (E.D. Va. 1989), the court held that even though the suit involved an oral contract concerning whether the defendant unreasonably delayed the entry of a final divorce decree, the issue did not fall within the domestic relations exception because the core dispute did not involve one for alimony or divorce and the fact that the contract happened to involve a domestic dispute was merely incidental for purposes of the lawsuit. But, the court found it important to add:

> Furthermore, this dispute does not involve any custody or parental rights questions, nor are there any pending state court actions that the parties might seek to play this action off against. <u>See</u> <u>Crouch v. Crouch</u>, 566 F.2d 486, 487 (5th Cir. 1978). Instead, this case involves an alleged breach of contract "between persons long since divorced." <u>Id.</u>

472 F. Supp. at 929.

As the court in <u>Rahnema</u> noted, when the issue involves custody and parental rights, the courts may need to tread a little more carefully and more particularly if there is a concern that the parties could seek to play off a federal court against a state court by maintaining separate actions in each. This concern was also noted in <u>Solomen v. Solomen</u>, 516 F.2d 1018 (3d Cir. 1975).

In <u>Solomen</u>, the issue involved child custody and visitation rights, and breach of contract by the mother, who violated a court

-10-

order and took the children and fled.  Later, when she remarried, she filed a diversity of citizenship suit in federal court seeking money damages for non-support, specific enforcement of the separation agreement, and appropriate equitable relief.  The dissent suggested segregating the claim for past due support payments from the other parts of the lawsuit and retaining it.  However, the court found such action to be inappropriate because:

> At the core of both parties' contentions is the parent-child relationship. The divorce decree in this case did not sever that relationship. There is no evidence that it either incorporated the terms of the separation agreement or merged with it. The state courts have not rendered any judgment on support payments which requires our invocation of jurisdiction to assure its efficacy. . . . In a different case, in which the custody of no child was involved, in which there was neither pending state court action nor an agreement to litigate in the state courts, and in which there was no threat that a feuding couple would play one court system off against the other, we might well assume jurisdiction. But all the above dangers are involved in the present case and lead us to the conclusion that the domestic relations doctrine should apply.

Solomen, 516 F.2d at 1024-1025.

In the instant case, the malicious prosecution action would not seem to be wholly irrelevant in determining the child custody and visitation matters, which is an ongoing issue.  The fact that it is the Plaintiff, and not Defendant, who has brought the malicious prosecution action and the child custody action does not necessarily mean there is no threat to the two different court systems by a feuding couple.  After all, it was the Defendant who has removed this action to federal court and is trying to separate the malicious prosecution claim from the causes of action which

-11-

clearly fall within the domestic relations exception. Because the child custody and visitation matters are live and ongoing controversies, it is determined, for the particular purposes of this case, that the essential or core of the malicious prosecution suit is sufficiently related to the ongoing custody and visitation dispute so that this Court should not assume jurisdiction over it. Admittedly, the issue is a somewhat close one. But, this course would seem proper based on these particular facts because, as stated by the treatise writers:

> [I]f federal subject matter jurisdiction by way of removal is doubtful, the case should be remanded to state court. This rule rests on the inexpediency, if not unfairness, of denying the motion for remand and thereby exposing the plaintiff to the possibility of winning a final judgment in federal court, only to have it determined on appeal that the court lacked subject matter jurisdiction, which would require the proceeding to be repeated in state court.

14C Charles Alan Wright, Arthur A. Miller & Edward H. Cooper, Federal Practice and Procedure § 3739, at 446-450 (3rd ed. 1998). See Mulcahey, 29 F.3d at 151 (if federal jurisdiction is doubtful, remand is necessary).

In addition, the removal of the state court action is itself problematic and, therefore, remand is appropriate, as will be explained next. In this case, Defendant has removed an action which contains claims over which this Court has no jurisdiction whatsoever, i.e., the domestic relations claims. Some courts have

-12-

held that the language of 28 U.S.C. § 1441(a) excludes removal of a case such as the instant one. Section 1441(a) provides in pertinent part that,

> [e]xcept as otherwise expressly provided by Act of Congress, any <u>civil</u> <u>action</u> brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . . (emphasis added).

A number of courts have concluded that this language means:

> When the court lacks jurisdiction over any claim in an action, the court's removal jurisdiction over the <u>action</u> is defeated and the action may not be removed. Moreover, were there room for construction, the statute must be strictly construed against removal.

<u>Lowery v. Prince George's County, Md.</u>, 960 F. Supp. 952, 958 (D. Md. 1997)(suits barred by the Eleventh Amendment); but <u>see</u> <u>Archuleta v. Lacuesta</u>, 131 F.3d 1359, 1361-1362 (10th Cir. 1997)(reviewing the split in authority). Those cases arose in a situation where a party tried to remove a case wherein federal jurisdiction over one or more of the claims is precluded by the <u>Hans</u> doctrine.[4] <u>See</u> <u>Frances J. v. Wright</u>, 19 F.3d 337, 340 (7th Cir. 1994). Such a claim falls within neither this Court's original nor supplemental jurisdiction. <u>Id.</u> at 341. In that peculiar situation, § 1441(a) was construed so as to prohibit removal of the action. <u>Id.</u> While not all courts have agreed with this interpretation, <u>see</u> <u>Archuleta</u>, <u>supra</u>, and the Fourth Circuit has not decided the issue, this line of cases makes removal

---

[4]<u>Hans v. Louisiana</u>, 134 U.S. 51 (1890)—involving state sovereign immunity and federal jurisdiction over suits against a state.

-13-

doubtful and provides an additional basis to remand the action based on lack of jurisdiction.

Defendant's second ground for removal is based on his bankruptcy action. He asserts that claims three and four are removable because they could affect the bankruptcy estate.

The removal of claims relating to bankruptcy is governed by 28 U.S.C. § 1452(a). That section provides that a party may remove an action if the district court has jurisdiction of the claim or cause of action under § 1334. Section 1334 provides that district courts shall have original, but not exclusive, jurisdiction over several proceedings related to cases arising under the Federal Bankruptcy Act. Section 1334(c)(2) further provides that for a state court action which could not have been commenced in federal court absent jurisdiction conferred by § 1334, "the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." This provision applies to claims one and three and would appear to apply to claim four to the extent that it is covered by the domestic relations exception or was combined with other claims that did fall within that exception and, therefore, the case could not be removed pursuant to § 1441(a) as previously discussed.

In addition, as raised by Plaintiff, § 1452(b) provides that: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." See generally Sykes v. Texas Air Corp., 834 F.2d 488 (5th Cir. 1987). The phrase "any equitable ground" has been liberally construed to

-14-

mean any appropriate ground.  <u>In re Cathedral of Incarnation in Diocese of Long Island</u>, 90 F.3d 28, 33-34 (2d Cir. 1996).  A number of factors have been suggested, such as (1) importance of the issues of state law in the case, (2) difficulty or unsettled nature of the state law, (3) possibility of inconsistent results, (4) comity considerations, (5) economical use of judicial resources, (6) prejudice to the removed parties, (7) any adverse effect on the bankruptcy estate, (8) presence of other related matters commenced in state court or non-bankruptcy proceedings, and (9) degree of relatedness or remoteness to the proceedings in bankruptcy.  <u>See</u> <u>In re Royal</u>, 197 B.R. 341, 349 (N.D. Ala. 1996); <u>Beasley v. Personal Financial Corporation</u>, 279 B.R. 523, 533-34 (S.D. Miss. 2002).

In the instant case, for the reasons previously discussed, this case should be remanded to state court based on the equitable grounds provision of § 1452(b).  There is little independent federal connection with claims three and four, which are the only ones Defendant has suggested are removable.  In fact, as previously stated, these claims are more closely related to the state court claims, which apparently even Defendant admits, must be remanded back to state court.  While the state law with respect to claims three and four are not particularly difficult, those claims are more related to the issues which the parties will be litigating in state court in any event.  Therefore, there will be little prejudice and some advantage for Defendant to have all actions litigated in the same court.  Sending the matter to state court will not have an adverse effect on the bankruptcy proceedings.

-15-

(Claims three and four likely may still be the subject of the automatic stay.) On the other hand, the prejudice to Plaintiff does increase by having separate court proceedings. The remand of all claims also prevents any party from attempting to play one court off against the other. For all these reasons, all claims should be remanded back to state court based on equitable considerations.

Finally, the court address a matter of removal which was not raised in Defendant's removal petition. In his response to Plaintiff's motion to remand, Defendant may be attempting to argue that this case could be removable because a question of federal law arises under the Parental Kidnaping Prevention Act, 28 U.S.C. § 1738(A)(f).

Defendant may not use a memorandum to attempt to amend his notice of removal to add this basis for removal. First, a memorandum is not a pleading. See Federal Deposit Ins. Corp. v. Stith, 772 F. Supp. 279, 284 n.15 (E.D. Va. 1991). Therefore, a party may not attempt to use it in order to amend an earlier notice of removal. Id. Second, as noted earlier, to remove a claim based on federal jurisdiction, 28 U.S.C. § 1331, the nature of the federal claim must appear on the face of the complaint. Nothing in the complaint raises an issue of the parental kidnaping statute. Last, Defendant is attempting to raise an entirely new ground for

-16-

removal and in an untimely fashion. As the treatise writers point out:

> The notice of removal required by Section 1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal . . . . Thereafter, however, the cases indicate that the notice may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice. . . . [T]he amendment of the removal notice may seek to accomplish one or more of several objectives: it may correct an imperfect statement of citizenship, or state the previously articulated grounds more fully, or correct the jurisdictional amount. Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however.

14C Wright, et al., supra, § 3733, at 357-361. Defendant's attempt to amend the removal notice to raise a completely new ground for removal in his response brief well beyond the thirty-day period should be denied. Tincher v. Insurance Co. of State of Pennsylvania, 268 F. Supp. 2d 666 (E.D. Va. 2003)(attempt to add new allegations in response brief denied).

For the above reasons,

**IT IS RECOMMENDED** that Plaintiff's motion to remand this action back to state court (docket no. 7) be granted and that an order be entered remanding this action to the Forsyth County District Court.

_____
**United States Magistrate Judge**

March 19, 2008